Matter of Wells (2025 NY Slip Op 04852)

Matter of Wells

2025 NY Slip Op 04852

Decided on September 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 4, 2025

PM-197-25
[*1]In the Matter of Kimberly Marie Wells, an Attorney. (Attorney Registration No. 4291472.)

Calendar Date:April 11, 2025

Before:Garry, P.J., Aarons, Lynch and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Kimberly Marie Wells, Glens Falls, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2005 and lists a business address in the City of Glens Falls, Warren County. In April 2024, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) received a complaint of professional misconduct concerning respondent's alleged neglect of an estate matter, and AGC thereafter sought various records concerning the representation. While respondent initially complied with AGC's request, she failed to respond to subsequent inquiries and was accordingly directed to appear for an examination under oath, wherein AGC now alleges that respondent made admissions indicating that she had engaged in professional misconduct. Following the examination under oath, AGC directed respondent to submit additional records and information concerning both the client complaint, and other statements made by respondent at the examination, but she failed to respond. Citing her failure to respond to its lawful demands, the admissions made during the examination under oath and other uncontroverted evidence of professional misconduct, AGC moved to suspend respondent on an interim basis. Respondent opposed AGC's motion and AGC submitted a reply. We issued a confidential order on June 10, 2025, wherein we adjourned AGC's motion and directed respondent to comply with certain specific investigative requests by AGC within 60 days. AGC now advises that respondent has failed to comply with our confidential order; thus, it continues to seek respondent's interim suspension.
We may suspend an attorney from practice on an interim basis when the respondent has engaged in conduct immediately threatening the public interest, which conduct may be established by the respondent's admission under oath to the commission of professional misconduct; the respondent's failure to comply with a lawful demand of the Court or AGC in an investigation; or other uncontroverted evidence of professional misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [2], [3], [5]).
Turning, first, to AGC's contention that respondent has failed to comply with its lawful demands, respondent's responsive submission did not offer any excuse for her failures in this regard, although she does cite certain technological issues — namely AGC's correspondence being routed to her spam folder — as well as her significant case load. While we appreciate that technological issues can compound the already stressful practice of law, we note that respondent's participation at the examination under oath — wherein she confirmed her email address and was advised that AGC would seek additional information from her following the examination — should have put her on notice that AGC would continue to contact her via email. Accordingly, her contentions that AGC failed to take additional steps to notify her of its request for additional information following the examination under oath via nonelectronic means falls flat. Most significantly, [*2]however, despite becoming fully aware of the scope and breadth of AGC's requests as a consequence of the instant motion and being provided with an additional 60 days to provide AGC with the information and records it seeks, respondent has still not supplied the requested information. In providing respondent with this additional time, we notified her that this was her final opportunity to comply with AGC's requests for information and reiterated that her failure to satisfy these directives might result in her interim suspension from practice until further order of this Court. Inasmuch as AGC advises that respondent has not satisfied our directives, we conclude that she has failed to comply with the lawful demands of AGC (see Matter of Fischer, 239 AD3d 1229, 1231-1232 [3d Dept 2025]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]).
The examination of respondent under oath and documents produced by AGC together indicate that respondent, at various times during her representation of an estate's executor, failed to comply with Surrogate's Court requirements on multiple occasions (see Uniform Rules for Sur Ct [22 NYCRR] §§ 207.20; 207.42), prompting the court to take additional steps, including issuing a citation to the executor and an order compelling an accounting. While respondent ultimately complied with Surrogate's Court's directives, she could not produce any correspondence, notes or other documents demonstrating that she contacted the executor to advise him of the court's directives until after the court issued its citation and order compelling the accounting. Respondent likewise admitted that she did not inform the executor that the order compelling the accounting was a consequence of her failure to timely file a required report (see Uniform Rules for Sur Ct [22 NYCRR] § 207.42), indicating that her failure in this regard was due to failing to place the filing date on her calendar.
Likewise, despite receiving information from the decedent's children that an annuity death benefit sum would be turned over to the New York State Comptroller's Office of Unclaimed Funds, respondent's testimony and pertinent records indicated that she did not take steps to recover the funds for nearly 10 months. Respondent admitted during her examination under oath that tax returns for the estate had not been prepared or filed, further indicating her belief that the executor was unaware that the tax returns had not been filed. Significantly, respondent's examination testimony also revealed that, at the relevant time, she was handling 10 estate matters and had received a citation and/or warning letters from the court in a number of those matters. She further indicated that she had no "good reason" as to why those matters had not been timely probated, stating that she advised her clients that the citations and/or warning letters were issued because she did not timely file the documents in question.
Even accepting that respondent has, in her own time, [*3]taken steps to continue managing the estate that was the subject of the executor's complaint, her testimony under oath and the documentary record definitively establish that she neglected the estate — and its assets — entrusted to her (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.3 [b]) and failed to keep the executor reasonably informed of Surrogate's Court's directives and requirements (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.4 [a] [3]). Given her admissions under oath, as well as her failure to comply with AGC's lawful demands, as discussed above, we grant AGC's motion and suspend respondent on an interim basis (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [a] [2], [3], [5]).
Garry, P.J., Aarons, Lynch and McShan, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in her disbarment by the Court without further notice (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]).