Matter of Burke (2025 NY Slip Op 06007)

Matter of Burke

2025 NY Slip Op 06007

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

PM-239-25
[*1]In the Matter of Bridgit Mavis Burke, an Attorney. (Attorney Registration No. 2314680.)

Calendar Date:September 22, 2025

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Cassidy V. Milam of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Bridgit Mavis Burke, Delmar, respondent pro se.

Per Curiam.
Respondent was admitted to practice by the Second Department in 1990, but currently maintains a business address in Albany County (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). In June 2024, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) received a complaint of professional misconduct from a client of respondent, alleging that respondent had failed to refund part of his retainer fee and respond to emails and calls. While the client later advised AGC that he received the funds and wanted to withdraw the complaint, AGC nonetheless sought respondent's response to the complaint. Respondent also failed to respond to the complaint and provide the client's file, but she later appeared for an examination under oath, where she purportedly made admissions to acts of professional misconduct. Following the examination under oath, AGC directed respondent to produce additional records and information, but she ultimately failed to do so. Citing her failure to comply with the lawful demands of AGC and to cooperate with its investigation, as well as her admissions under oath, AGC now moves to suspend respondent from the practice of law on an interim basis. Respondent opposes, and AGC was heard in reply.
"We may suspend an attorney from practice on an interim basis when the respondent has engaged in conduct immediately threatening the public interest, which conduct may be established by the respondent's admission under oath to the commission of professional misconduct; [or] the respondent's failure to comply with a lawful demand of the Court or AGC in an investigation" (Matter of Wells, ___ AD3d ____, ____, 2025 NY Slip Op 04852, *1 [3d Dept 2025]). Following respondent's examination under oath, respondent was directed to produce certain materials regarding her representation of the client who filed the complaint, as well as certain escrow account records. Respondent sought and received an extension of time to provide AGC with the records — averring that she needed additional time to contact her banking institution to obtain same. However, respondent ultimately failed to provide AGC with the records, instead stating that she was "not capable" of gathering the documents.[FN1] Respondent likewise admits in her opposition papers that, after establishing her own pro bono law firm, she became overwhelmed with the administrative and bookkeeping requirements attendant to operating a law practice. In this vein, respondent notes that personal and family problems compounded these issues further, ultimately leading her to transition to a pro bono model and later wind down her law practice completely. While we are sympathetic to the issues facing respondent, we conclude that her failure to provide AGC with the records it seeks — both prior to and following AGC's instant motion — warrants her interim suspension (see e.g. Matter of Fischer, 239 AD3d 1229, 1230-1232 [3d Dept 2025]; Matter of Brown, 232 AD3d 981, 982-983[*2][3d Dept 2024]), as her demonstrated failure to comply with AGC's lawful demands constitutes professional misconduct immediately threatening the public interest, and likewise jeopardizes the effectiveness of the attorney disciplinary system (see Matter of Gearing, 228 AD3d 1055, 1056 [3d Dept 2024]).
Turning to respondent's admissions under oath, which AGC contends implicate her in professional misconduct, her testimony at the examination revealed that, notwithstanding her assertions that she had closed her law practice, she nonetheless admitted that she continues to maintain the funds of at least one client, although she admitted that the matter had been recently disposed of and that she planned to contact the client. Significantly, without respondent's escrow account and other attendant records, there is no way for AGC to determine what funds respondent continues to hold, what funds are owed to which clients and whether she has taken appropriate steps to protect such funds. As to the client complaint, respondent's admissions under oath revealed that, while she ultimately refunded the funds owed to the client following the filing of the complaint with AGC, she issued the refund from her personal funds, as opposed to from her escrow account (see Rules of Prof Conduct [22 NYCRR 1200] rule 1.15 [a]), among other transgressions. Inasmuch as respondent's opposition to AGC's motion does not rebut her examination testimony in this regard, respondent's admissions under oath to professional misconduct likewise warrant her interim suspension (see e.g. Matter of Wells, ___ AD3d at ____, 2025 NY Slip Op 04852; Matter of Castillo, 140 AD3d 1392, 1393 [3d Dept 2016]).
Clark, J.P., Pritzker, Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this state; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within [*3]20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in her disbarment by the Court without further notice (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.9 [b]); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.

Footnotes

Footnote 1: In this vein, while respondent averred at the time that she would resign her law license, she has not submitted any such application to this Court (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.10).